IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELLEN E. GARCIA                         )
4933 Anderson Street                    )
Shawnee, KS 66226,                      )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )          Case No. _____
                                        )
JACK HENRY & ASSOCIATES, INC.,          )
**Serve Registered Agent:**             )
      National Registered Agents, Inc. of KS,   )
      112 S.W. 7th Street, Suite 3C     )
      Topeka, Kansas 66603,             )
                                        )
            Defendant.                  )

## <u>COMPLAINT</u>

COMES NOW Plaintiff Ellen E. Garcia, by and through counsel, and for her causes of action against Defendant Jack Henry & Associates, Inc., states and alleges as follows:

### <u>PARTIES</u>

1.      Plaintiff is an individual residing at 4933 Anderson, Shawnee, Johnson County, Kansas, and she was employed as Technical Support Representative by Defendant or their predecessors beginning on or about August 1, 2005 and continuing until her termination on or about July 24, 2017.[1]  Plaintiff was born in 1957 and is presently 60 years old.

2.      Defendant Jack Henry & Associates, Inc. is organized and exists under the laws of the State of Missouri, and doing business in the State of Kansas.

---

[1] Plaintiff's termination is not a part of this Complaint.  Since her termination, Plaintiff has filed another Charge of Discrimination.  That charge was filed on December 21, 2017 and is currently pending at the EEOC.

3.    All of the acts, conduct and omissions of Defendant were performed by its agents, representatives and employees while in the course and scope of their agency or employment.

## JURISDICTION AND VENUE

4.    This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically the Americans with Disabilities Act, As Amended, 42 U.S.C. § 12101, et seq., ("ADAAA").

5.    Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the District including the unlawful employment practices set forth herein that are alleged to have been committed in this District.

## FACTUAL ALLEGATIONS

6.    Plaintiff was employed as Technical Support Representative by Defendant from August 2, 2005 until her termination on or about July 24, 2017.

7.    At all times herein mentioned, Plaintiff was an "employee" of Defendant, within the meaning of the ADAAA, and is entitled to all the benefits and protections of those laws.

8.    Defendant was an "employer" of Plaintiff within the meaning of the ADAAA.

9.    Throughout Plaintiff's employment with Defendant, she was subjected to disability discrimination in violation of the ADAAA.

10.    Throughout her employment with Defendant, Plaintiff was subject to the control of Defendant as to the means and manner of accomplishing her work as an employee.

11.    Defendant has employed 501 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

12. Defendant has a pattern and practice of employment discrimination against Plaintiff and other disabled employees, including but not limited to denial of employment opportunities and refusal to provide accommodations.

13. The true reasons for the discriminatory and retaliatory employment actions of Defendant against Plaintiff, including but not limited to those adverse employment actions set forth herein, were illegal disability discrimination, retaliation, and failure to accommodate due to Plaintiff's vocal cord dysfunction and asthma-related complications.

14. These illegal acts by Defendant adversely impacted Plaintiff's employment, including but not limited to denial of reasonable accommodations and disability discrimination impacting the terms and conditions of her employment.

15. During the course of her employment with Defendant, Plaintiff met all qualifications for the position that she held with Defendant.

16. Throughout her employment, Plaintiff performed all duties of her job as required and exceeded the expectations of her position.

17. Plaintiff was a successful and valued employee of Defendant for over a decade.

18. Plaintiff is a 60-year-old female and suffers from diagnosed medical conditions including adult onset acute severe asthma and paradoxical vocal cord dysfunction and other related impairments that qualify for protection as disabilities under federal law, including the ADAAA.

19. Plaintiff's asthma and vocal cord dysfunction and related disabling conditions substantially limit her major life activities in a variety of ways, including, but not limited to, voice hoarseness, chest tightness, and shortness of breath, all of which limit Plaintiff's ability to speak aloud.

3

20.     Throughout Plaintiff's employment, she requested and was provided various reasonable accommodations by Defendant in order to be able to perform her essential job functions, including but not limited to, requests for accommodation to limit Plaintiff's need to speak aloud to clients.  These accommodations included, but were not limited to, assignment to different projects or groups for which speaking aloud was not required.  Additionally, Plaintiff was permitted to work from home as needed.

21.     In July of 2016, a new manager, Julie Martin took over supervising the Tech Support Group.  Ms. Martin began taking away Ms. Garcia's accommodations, including her ability to work from home and work on projects not requiring her speak aloud.  Additionally, she informed the team that she would begin having one-on-one meetings with each team member to discuss various topics.

22.     On August 12, 2016, Plaintiff's physician completed a disability accommodation worksheet outlining necessary reasonable accommodations for her vocal cord dysfunction that would still enable Plaintiff to perform the essential functions of her job.  Defendant ignored this request.

23.     Beginning September 9, 2016, Julie Martin began having bi-weekly one-on-one meetings with team members but never reached out to Plaintiff to schedule a meeting.  Plaintiff never had a one-on-one meeting with Ms. Martin during that time.  Julie Martin treated Plaintiff differently and less favorably than the other members of the Tech Support team.

24.     On October 10, 2016, Plaintiff's physician completed another disability accommodation worksheet, in response to a flare-up of asthma aggravated by mold in the workplace.  This reasonable accommodation requested that Defendant simply move Plaintiff to a different cubicle away from the mold source.  Despite Defendant acknowledging the mold in the

workplace and taking four months to remove the mold, Plaintiff's reasonable accommodation request was denied in November of 2016.

25.     In December of 2016, Plaintiff contacted HR management to complain about Defendant's less favorable treatment and refusals to reasonably accommodate Plaintiff's disabilities.  In response, an HR Representative again failed to accommodate and forced Plaintiff to take FMLA or find another job.

26.     Defendant's failure to accommodate was motivated by illegal disability bias and/or for Plaintiff's protected activity in seeking reasonable accommodations and/or in complaining about the illegal disparate treatment she was receiving.

27.     Regardless of her disabling conditions, Plaintiff was able to perform the essential functions of her position, either with or without reasonable accommodations.

28.     On or about January 9, 2017, Plaintiff filed a timely charge alleging disability discrimination against Defendant with the Kansas Human Rights Commission and Equal Employment Opportunity Commission ("EEOC").  (Attached as Exhibit A.)

29.     On or about September 27, 2017, the EEOC mailed a Notice of Right to Sue to Plaintiff.  (Attached as Exhibit B.)

30.     This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

31.     Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

32.     Since these alleged activities, Defendant has continued its pattern and practice of discrimination against Plaintiff ultimately resulting in her termination.  Plaintiff has filed a Charge of Discrimination with the Kansas Human Rights Commission and the EEOC adding age

5

and disability discrimination and retaliation.  Plaintiff will seek leave from this Court to amend this Complaint once the EEOC has completed its investigations and issues its Notice of Right to Sue.

**COUNT I –DISABILITY DISCRIMINATION**

33.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 32 above.

34.     The Defendant intentionally discriminated against Plaintiff on the basis of her disability, her record of a disability, or because it regarded her as disabled in the terms and conditions of her employment, including, but not limited to, by removing her reasonable accommodations, refusing to provide reasonable accommodations for her disability, and retaliating against her for requesting reasonable accommodations.

35.     Plaintiff had a good faith, reasonable belief that the Defendant was engaged in unlawful employment practices and violations of federal employment and civil rights as set forth above, including disability discrimination and failure to properly provide reasonable accommodations and she reported the same to Defendant.

36.     Plaintiff in good faith requested reasonable accommodations for her qualified disabilities including, but not limited to, a remedy for the mold problems that affected her severe asthma, and the ability to limit her requirement to speak aloud to clients as she had been allowed to do in the past.

37.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of that term as utilized in the ADAAA.

38.     The Defendant discriminated against Plaintiff on the basis of her disability by (a) not making reasonable accommodations to the known limitations of an otherwise qualified

individual with a disability; (b) denying employment opportunities to an employee who is an otherwise qualified individual with a disability; (c) subjecting a qualified individual with a disability to different terms, conditions and privileges of employment than the terms, conditions and privileges available to non-disabled employees; and (d) refusing to accommodate and otherwise interfering with an individual in her exercise of rights under federal law prohibiting discrimination on the basis of a qualified disability, thereby violating the ADAAA.

39.     Plaintiff was able to perform the essential functions of her position as a Technical Support Representative with or without accommodations from the time she was diagnosed with disabilities through the date of her Charge of Discrimination.

40.     Plaintiff suffers from asthma and vocal cord dysfunction and substantially limits her ability to speak.

41.     Defendant was well aware of Plaintiff's medical conditions through her ongoing discussions with Defendant's management employees concerning her health conditions and various ways such limitations impacted her work and daily life activities.

42.     Plaintiff was able to perform the essential functions of her duties as a Technical Support Representative either with or without reasonable accommodations from the time she was diagnosed with disabilities through the date of her Charge of Discrimination.

43.     Defendant failed to engage in the interactive process and failed to discuss, much less provide any reasonable accommodations to address Plaintiff's vocal cord dysfunction and asthma; such impairment qualifies as a disability under the ADAAA.

44.     The Defendant retaliated against Plaintiff because of her requests for accommodations and due to her opposition to violations of the federal employment and civil rights of Defendant's employees, by adversely impacting the terms and conditions of her

employment, including, but not limited to, by refusing to provide reasonable accommodations for her disability, unfounded criticisms of her work for false reasons, and failure to accommodate Plaintiff's medical conditions and environmental concerns that exacerbated those conditions, while instead hiring, promoting and retaining less-qualified employees who had not requested accommodations, all while articulating false reasons for the adverse job actions against Plaintiff.

45.    As a direct and proximate result of the continuing pattern and practice of discrimination and/or retaliation directed toward her or disparate treatment of her and of the Defendant's termination of her, Plaintiff has suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, future medical expense, mental anguish, emotional distress, loss of enjoyment of life, humiliation, upset and other emotional distress, damage to her reputation, diminished job opportunities, and in other respects, all in an amount yet to be determined.

46.    The Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish the Defendant and to deter the Defendant from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count I, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By /s/ Athena M. Dickson

| | |
|---|---|
| Athena M. Dickson | KS #21533 |
| Rik N. Siro | KS FED #77812 |
| Eric W. Smith | KS #16539 |
| Raymond A. Dake | KS FED #78448 |

1621 Baltimore Avenue
Kansas City, Missouri  64108
816.471.4881 (Tel)
816.471.4883 (Fax)
adickson@sirosmithdickson.com (email)
rsiro@sirosmithdickson.com (email)
esmith@sirosmithdickson.com (email)
rdake@sirosmithdickson.com (email)

ATTORNEYS FOR PLAINTIFF